**SO ORDERED.**

**SIGNED this 24 day of March, 2014.**

                                                  _____
                                                Stephani W. Humrickhouse
                                                United States Bankruptcy Judge

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

MICHAEL K. HOUSEMAN,                      CASE NO. 12-05310-8-SWH
     DEBTOR                                                CHAPTER 7

GREGORY B. CRAMPTON, Chapter 7      ADVERSARY PROCEEDING NO.
Trustee for Michael K. Houseman,          13-00166-8-SWH

        Plaintiff,
  v.

JONSIE P. HOUSEMAN,
        Defendant.

_____

### ORDER REGARDING REQUEST FOR JURY TRIAL

Pending before the court is the question raised in connection with the parties' Joint Pre-Conference Report, in which the defendant asserted a right to a jury trial in district court under the Seventh Amendment. The chapter 7 trustee, as plaintiff in this adversary proceeding, contends that to the extent the defendant ever had such a right, she has foregone any entitlement to exercise it by reason of the relief sought in her affirmative defenses to the trustee's fraudulent conveyance claims. A hearing was held in Raleigh, North Carolina, on January 9, 2014. For the reasons that follow, the

court agrees with the trustee, and concludes that the defendant has foregone the right to a jury trial and submitted herself to the equity jurisdiction of the bankruptcy court.

## BACKGROUND

The debtor, Michael K. Houseman, filed a voluntary petition under chapter 7 on July 23, 2012. No claims have been filed in the case, nor has the trustee made a request that claims be filed. On October 4, 2013, the trustee filed this adversary proceeding against the non-filing spouse of the debtor, Jonsie P. Houseman. The trustee alleges fraudulent conveyance claims against the defendant pursuant to N.C. Gen. Stat. § 39-23.1 and 11 U.S.C. § 548, and seeks to recover all or part of multiple transfers to the defendant from the debtor, and/or from entities in which the debtor has an interest. The complaint includes nineteen counts in which the trustee separately sets out his claims with respect to each transfer, first under state and then under federal law.

In her answer, the defendant asserted her Seventh Amendment right to a jury trial. She did not assert any counterclaims. She did, however, in her First, Sixth, and Seventh Affirmative Defenses, assert a right of "setoff" against the value of the challenged transfers. Specifically, in her First Affirmative Defense, defendant states that she is "entitled to set off, constructive trust, lien, or other credit" against the value of the transferred interest, or alternatively that the trustee is estopped from recovering the value of her contributions from the defendant. In her Sixth Affirmative Defense, defendant states that she is "entitled to a setoff, against any fraudulent conveyance or transfer claims, to the extent of subsequent transfers that she made to Michael Houseman; MKH Investments of Raleigh, LLC; Falls of Neuse Office, LLC; and Houseman Custom Homes, Inc; with respect to any loans that she made to any of those entities, and with respect to any payments that she made on behalf of any entity where Michael Houseman had a full or partial interest." And, in her

Seventh Affirmative Defense, defendant states that she is "entitled to a setoff, against any fraudulent conveyance or transfer claims, for any joint funds that were transferred to Michael Houseman; MKH Investments of Raleigh, LLC; Falls of Neuse Office, LLC; Houseman Custom Homes, Inc., or any entity owned in whole or in part by Michael Houseman." Defendant's Answer at 23-25. These setoff defenses apply to all nineteen of the claims against the defendant, with the possible exception of the 2009 tax transfers.[1]

In other affirmative defenses, while not specifically asserting grounds for setoff, the defendant seeks to establish a basis for "credit" against the challenged transfers. Specifically, in her Second Affirmative Defense, defendant states: "To the extent that any deposits of joint funds were made into Defendant's accounts, appropriate credits should be given for the deposits of joint funds into accounts under the control of Michael Houseman." While not using the term "credit," the defendant's Third Affirmative Defense states that half of the tax refunds and certain account transfers were made in consideration of the defendant's payment or reimbursement of the debtor's household and living expenses; *i.e.*, this defense also seeks to account for, and, essentially, credit, any value given by the defendant in exchange for the transfers. The defendant's Fourth and Fifth Affirmative Defenses assert that she is entitled to "a credit" against the fraudulent conveyance claims for value given and for exemptions available under federal bankruptcy and North Carolina state law. Id. at 23-24.

Finally, the defendant's Eighth through Tenth Affirmative Defenses assert that the transfers were for value within the meaning of N.C. Gen. Stat. § 39-23.3; that the defendant took the transfers

---

[1] The 2010 and 2011 tax transfers are listed in the Third Affirmative Defense; the 2009 tax transfers are not.

in good faith; and that some or all of the claims are barred by the two-year statute of limitations set out in 11 U.S.C. § 548(a)(1). Id. at 25-26.

The parties' joint pre-conference report established that a preliminary issue in this proceeding is whether the defendant is entitled to a jury trial of the claims against her, and, if so, whether (as the trustee now asserts) the defendant has waived that right by reason of the nature of her affirmative defenses. In the report, the parties stipulate:

> Defendant asserts a right to a jury trial in the District Court, and would stipulate to a jury trial in the Bankruptcy Court if Plaintiff stipulated that it had that right; but Plaintiff does not so stipulate. The parties do not consent to a jury trial in Bankruptcy Court.

Joint Pre-Conference Report ¶ j. The parties agree that this is a core proceeding. Id. ¶ c.

## DISCUSSION

The starting point for the court's analysis is this: "[T]he Supreme Court held that the Seventh Amendment entitled persons who had not submitted claims against a bankruptcy estate to a jury trial when they were sued by the bankruptcy trustee to recover an allegedly fraudulent monetary transfer, notwithstanding the fact that fraudulent conveyance actions are 'core proceedings' under the Bankruptcy Code." In re Stansbury Poplar Place, Inc., 13 F.3d 122, 124 (4th Cir. 1993) (construing Granfinanciera, S.A. v. Norberg, 492 U.S. 33 (1989)). If a defendant does file a proof of claim, the scenario changes. "It is clear that by filing a proof of claim against a bankruptcy estate, a creditor 'triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power.' Stansbury, 13 F.3d at 125, quoting Langenkamp v. Culp, 498 U.S. 42, 44 (1990) (quoting Granfinanciera, 492 U.S. at 57-58 & n.14). Here, the defendant states that she has not submitted a claim against the estate of her spouse in his

4

bankruptcy case "or sought any other relief therein." Def.'s Brief at 1. In the defendant's view, the fact that she has not filed a claim essentially ends the debate.

      The trustee argues that regardless of whether the defendant filed an official claim, the larger point is that "filing a counterclaim or seeking a setoff against the bankruptcy estate is the equivalent of filing a proof of claim in that it similarly triggers the claims-allowance process that is the exclusive purview of bankruptcy courts." Trustee Mem. of Law at 2; see Murray v. Richmond Steele & Welding Co., 170 B.R. 868, 874 (E.D.N.C. 1994) ("The court finds that convincing authority has held that a counterclaim does qualify as a 'claim' for purposes of the ... Granfinanciera and Langenkamp private rights jury trial analysis."); see also In re Americana Expressways, 161 B.R. 707, 713 (D. Utah 1993) ("The majority of other courts that have considered whether a counterclaim constitutes a "claim" under Granfinanciera and Langenkamp have reached the same conclusion."); In re Commercial Fin. Servs., Inc., 251 B.R. 397 (Bankr. N.D. Okla. 2000) (defendant who did not file proof of claim or counterclaim invoked equitable jurisdiction of bankruptcy court through assertion of setoff defense); In re Big Springs Realty LLC, 430 B.R. 629, 634 (Bankr. D. Mont. 2010) ("[The defendant's] setoff defense in this case is akin to an informal proof of claim and if successful, would directly impact the administration of the Debtor's bankruptcy estate.").

      In Murray, the defendant, a steel company subcontractor, argued that its counterclaim – especially given that it was a compulsory, as opposed to permissive counterclaim – should not act as a "waiver" of its right to a jury trial. The trustee, who sought payment from the defendant of a sum the defendant had "unjustly refused to pay" to the debtor sub-subcontractor, responded that whether the counterclaim was permissive or compulsory made no difference: By filing a counterclaim of either stripe, the defendant lost its right to a jury trial. The district court agreed,

5

concluding that "[f]iling the counterclaim *qualified as filing a claim which triggered the non-jury, public rights process of the allowance and disallowance of claims in bankruptcy*." Id. at 874 (emphasis added). Moreover, the court explained, the defendant did not lose its jury trial right by process of any "waiver" – rather, it was a matter of more fundamental processes displacing that right:

> The Supreme Court in Granfinanciera specifically disclaimed the idea that a waiver rationale explained why those who filed claims lost any entitlement to a jury trial.... Instead, the Court made clear that Granfinanciera was based on the bankruptcy court's possession of a disputed *res* to which the creditor laid claim. Thus, the key to the loss of a jury trial lies not in some choice purportedly made by the claimant, but on the bankruptcy court's possession of the estate and its equitable power to allow or disallow claims made against the estate.

Id. (quoting Americana Expressways, 161 B.R. at 713-14 n.12).

The same rationale can apply in the setoff context. In Commercial Financial, the bankruptcy court, in a thorough and well-researched opinion, discussed at length the bases upon which it determined that a defendant's assertion of setoff as an affirmative defense invoked the equitable jurisdiction of the bankruptcy court:

> This Court fails to see a distinction between obtaining something of value from the estate by filing a claim and obtaining something of value from the estate, i.e., discharge of all or a portion of a debt to [the debtor], by asserting setoff as a defense. In both cases, the estate may be diminished and [the defendant] may be enriched. Nor can the Court comprehend how asserting the defense of setoff does not seek the restructuring of debtor-creditor relations between [debtor and defendant] in the most classic sense. Setoff, by its very definition, requires mutual debts and claims. 11 U.S.C. § 553(a). [The defendant] has "triggered the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power.'" Langenkamp, 498 U.S. at 44, 111 S. Ct. at 331. By alleging a right of setoff, [the defendant] has chosen to participate (albeit in a very limited manner) in the allocation of the bankruptcy estate.

Commercial Fin. Servs., 251 B.R. at 407.

In that case, the defendant asserted, as a defense, a right of setoff and recoupment against the debtor-plaintiff's complaint seeking payment on a note. The defendant did not file a claim, and argued that "his defense of setoff and/or recoupment [was] not a 'claim' because he [was] asserting it only for the purpose of reducing or eliminating the estate's recovery against him in the event the estate prevails." Id. at 404. The court disagreed, reasoning that

> from a logical and equitable standpoint, a defendant cannot assert that he and the debtor have "mutual debts and claims" for the purpose of setoff without asserting a claim against the estate. The distinction between asserting setoff as a defense and asserting setoff as a claim is one without a difference insofar as the evidence required to be presented to prove the defendant's alleged right to setoff (proof of a prepetition valid and enforceable claim against the estate) and the prerequisites that must be satisfied to permit setoff against a claim of the estate (i.e. that the defendant's claim is not disallowed).

Id. at 406-07. The court also took note of the fact that by pleading setoff as an affirmative defense, a defendant essentially asserts a claim against the estate's right to recover from the defendant; this, the court reasoned, has financial repercussions in that it results in the defendant's claim being "treated as a secured claim, resulting in his claim, if proven and allowed, being satisfied in full, and in real dollars as opposed to 'tiny bankruptcy dollars.'" Id. at 405; see also Big Springs, 430 B.R. at 633 (quoting Commercial Services with approval).

In this matter, in addition to asserting that she is "entitled to credit" or "entitled to setoff" with respect to virtually all of the trustee's claims, the defendant also asserts that she is "entitled to set off, constructive trust, lien, or other credit" with regard to one of the debtor's companies, MKH Investments. Specifically, the defendant claims a 40% interest in MKH Investments, based on the capitalization of that company with conveyances including two parcels of real property owned by both the debtor and the defendant. The court finds the trustee's citation of authority persuasive, and concludes that the defendant is not entitled to a jury trial because her affirmative

7

defenses of setoff, and her claims of entitlement to credits and a constructive trust or lien on certain proceeds, operate to subject her to the equitable jurisdiction of this bankruptcy court.

**SO ORDERED**.

**END OF DOCUMENT**